## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BRIAN MILLER,** | |
| *Plaintiff,* | Civil No.: |
| **v.** | |
| **HILTON WORLDWIDE HOLDINGS INC. (d/b/a HILTON HOTELS & RESORTS), PARK HOTELS & RESORTS INC., and INSURANCE COMPANIES X and Y,** | DAMAGES |
| *Defendants.* | |

## COMPLAINT

**TO THE HONORABLE COURT:**

Now appears plaintiff, Brian Miller, through his undersigned attorney, and very respectfully states, alleges and prays:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter based on complete diversity of citizenship under 28 U.S.C. § 1332. Plaintiff is a citizen of Illinois and Defendants are Delaware corporations with their primary places of business in Virginia. This is a civil action, and the amount in controversy exceeds $75,000.000, exclusive of interest and costs.

2.      Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part, of the acts and omissions forming the basis of these claims occurred in the District of Puerto Rico.

## PARTIES

3.      Plaintiff Brian Miller is a citizen of the State of Illinois and a resident of the city of Chicago.

4.      Defendant Hilton Worldwide Holdings Inc. (d/b/a Hilton Hotels & Resorts) ("HHR" or "Hilton")) is a hotel management and franchise company headquartered at: 7930 Jones Branch Drive, McLean, Virginia 22102, which is a citizen of and has its principal place of business in the State of Virginia.  Defendant Hilton manages and operates the Caribe Hilton Hotel located in San Juan, Puerto Rico.  Defendant Hilton may be served through its registered agent, Corporation Service Company, at: 100 Shockoe Slip, Floor 2, Richmond, Virginia, 23219.

5.      Defendant Park Hotels & Resorts Inc. ("PHR") is a real estate investment trust headquartered at: 1775 Tysons Boulevard, Floor 7, McLean, Virginia 22102, which is a citizen of and has its principal place of business in the State of Virginia.  Defendant PHR owns the Caribe Hilton Hotel located in San Juan, Puerto Rico. Defendant PHR may be served through its registered agent, Corporation Service Company, at: 100 Shockoe Slip, Floor 2, Richmond, Virginia, 23219.

6.      Insurance Companies X and Y are insurance companies authorized to do business in Puerto Rico whose names are unknown at this time, that issued insurance policies in favor of the defendants, which policies cover the negligent actions of their respective insureds and which therefore may be liable in whole or in part for the damages claimed in this complaint.

## MISNOMER/ALTER EGO

7.      If any parties are misnamed or are not included here, Plaintiff submits "misidentification," "misnomer," or that parties are (or were) "alter egos" of parties named here. Alternatively, Plaintiff contends that "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## **FACTS**

8.      On April 28, 2022, plaintiff Brian Miller traveled from Chicago, Illinois, to vacation at the Caribe Hilton Hotel ("Hotel") located at: 1 San Geronimo Street, San Juan, Puerto Rico 00901.

9.      On April 30, 2022, plaintiff Brian Miller was injured when he accessed the balcony from his 10th floor room at the Hotel.  After he slid the glass balcony door open and stepped onto the balcony, the door dislodged from its track and fell on top of plaintiff Brian Miller. Below is a photograph showing the door after it dislodged from its track and fell on top of plaintiff.



10.     Nothing plaintiff did—or did not do—was a factor in causing the door to dislodge from its track.

11.     After the door fell off its track, the top of the door violently struck the plaintiff in the head, knocking him to the floor and leaving him momentarily unconscious.  Yet, this episode could have had an even more dire result, considering that the door—which was dangling off the edge of the balcony after this incident— nearly pushed plaintiff Brian Miller from the balcony of the Hotel's 10th floor and nearly pinned plaintiff's head/neck between the balcony railing and door.  Plaintiff feared for his life and thought he was going to end up dead.

12.     Moreover, a label affixed to the balcony door stated that it was "hurricane proof", indicating that the door that struck Plaintiff in the head was heavier than a typical sliding, glass door.

13.     Immediately after the incident, Plaintiff, Brian Miller, alerted the Hotel and sought emergency medical attention for the injuries he sustained. He was transported by ambulance to Ashford Presbyterian Community Hospital where he underwent testing, including a CT scan.

14.     Not only was his vacation ruined—he also suffered significant disruptions to his work and daily life due to the injuries caused by the incident.  After plaintiff Brian Miller returned to his home in Chicago, he continued to experience severe headaches, extreme difficulties concentrating, and pain in his head, neck, and back that radiated through his arms.

15.     On May 3, 2022, plaintiff's vision suddenly blurred, and he was also experiencing severe headaches, prompting him to visit the emergency room at Northwestern Memorial Hospital. He was treated at Northwestern Memorial Hospital, including undergoing a second CT scan, and was diagnosed with a traumatic brain injury and post-concussion syndrome.

16.     Plaintiff Brian Miller continued to experience pain in his head, neck/back, blurred vision, headaches, and difficulties concentrating for months thereafter and is still receiving medical

4

treatment for the injuries he sustained in the incident. He will also need additional future medical treatment for such injuries, including possible surgery(ies).

17.    Further, the injuries he sustained in the incident have made it painful for plaintiff to perform simple daily tasks, such as washing dishes, folding laundry, and carrying groceries. Exercise, sports, and physical activity have been an integral part of plaintiff's life, but he has been unable to perform these activities without enduring severe pain or, in many instances, unable to perform these activities at all.  For example, he has been unable to lift weights, play basketball, or perform many of the types of exercises and activities he has enjoyed throughout his lifetime in the same manner that he had prior to the incident due to neck and back pain and pain radiating through his arms.

18.    In addition to negatively impacting his daily tasks and other physical activities, the injuries plaintiff Brian Miller sustained because of the incident have also significantly impacted his work and social life.  The head injury plaintiff suffered during the incident caused him to have severe difficulties concentrating in the weeks and months after the incident, where it became difficult for plaintiff to meet the demands of his job as an attorney. The neck and back injury, which also caused pain to radiate down his arms, made it painful for plaintiff to sit, type, and read for extended periods of time, causing frequent disruptions to his work, only making it even more difficult for plaintiff to meet the demands of his job. The difficulties plaintiff had concentrating due to both the traumatic brain injury and neck, back and arm pain, made it where plaintiff was unable to meet the demands of his job or perform in the same capacity or at the same level at which he had performed prior to suffering the injuries he sustained at the Hotel, causing him to leave his job at the end of 2022. The neck, back and arm pain also make it difficult for plaintiff to partake

in certain social activities without significant pain and disruption, such as any activities that require sitting for long periods of time.

## **LIABILITY**

19.     This lawsuit arises from the injuries and damages suffered by plaintiff, Brian Miller, on April 30, 2022, while was a guest of the Caribe Hilton Hotel and was at their premises, located at: 1 San Geronimo Street, San Juan, Puerto Rico 00901, that is owned, operated, possessed, managed, or maintained by Defendants.  Plaintiff, Brian Miller, would show that on or about that date, he was an invitee on the premises when—suddenly and without warning—plaintiff was injured by a falling balcony door, which had dislodged from its tracks, and was faulty, defective, improperly maintained, and/or all three. The faulty door and its tracks constituted a dangerous condition existing on defendants' premises that posed an unreasonable risk of harm, causing plaintiff serious and painful bodily injuries.

20.     Under Article 1536 of the Civil Code of Puerto Rico, the defendants Hilton Worldwide Holdings, Inc**.** (d/b/a Hilton Hotels & Resorts) and Park Hotels & Resorts, Inc. had at all times the duty to exercise reasonable care in the operation of the Caribe Hilton Hotel, such as might be exercised by a good family father.  As owners and operators of a hotel, these defendants were required to exercise a particularly heightened degree of care towards their guests, which included a duty to maintain the premises in reasonably safe condition, in order to protect the safety and security of all hotel guests, such as the plaintiff herein.

21.     A hotel must inspect its premises and grounds to maintain the property in a reasonably safe condition. This duty includes quickly repairing dangerous conditions and taking affirmative steps to protect guests from known or reasonably knowable conditions.  A hotel's duties include a duty to repair breakages, malfunctions and/or problems within the hotel facilities,

6

including but not limited to all furniture, equipment and installation of windows, cabinets and doors such as the door that caused the damages to the plaintiff, Brian Miller.

22.    Defendants requested, allowed, permitted, and encouraged plaintiff to enter onto the premises. Consequently, plaintiff, Brian Miller, was an invitee to whom defendants owed a duty to inspect, protect and guard from harms like the falling balcony door, which was a dangerous condition and hazard existing on the premises that posed an unreasonable risk of harm, and which defendants—including their agents, servants, and employees—knew or reasonably should have known existed.

23.    Plaintiff, Brian Miller, was exercising ordinary care when he was suddenly and unexpectedly injured. Yet, defendants breached their duty of reasonable care by failing to adequately warn plaintiff of the dangerous condition of the door that posed an unreasonable risk of harm, and/or by failing to make the necessary repairs to said door to provide safe conditions withing its premises. As a result of defendants' breach of its duty, plaintiff sustained severe injuries.  Plaintiff, Brian Miller, would show that nothing he did nor failed to do caused, or in any way contributed to cause, the incident that caused the injuries to him.  Defendants failed to perform their duties and were, therefore, negligent in:

(a) failing to maintain the premises in a reasonable clean and safe condition;

(b) failing to warn Plaintiff of the danger;

(c) failing to monitor the condition of the subject balcony door and its track;

(d) failing to properly train their employees;

(e) failing to inspect their premises;

(f) failing to properly supervise their employees;

(g) failing to implement adequate safety precautions and procedures;

(h) violating the laws, statutes, and ordinances of the Commonwealth of Puerto Rico and the City of San Juan.

24.     Each and all of the above and foregoing acts on the part of the defendants, both of omission and commission, were negligent and constituted negligence, and were each and all a proximate cause of the occurrence of the incident in question and therefore the injuries and damages suffered by Plaintiff.

25.     Plaintiff, Brian Miller, would further show that defendants were grossly negligent. Specifically, plaintiff would show that the negligent acts, omissions of both of defendants constitute acts or omissions:

(a) that, when viewed objectively from the standpoint of defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to plaintiff, Brian Miller, and/or others; and

(b) of which defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of plaintiff, Brian Miller and/or others.

26.     Such gross negligence was a proximate cause of the incident that is the basis of this lawsuit and the injuries and damages sustained by plaintiff, Brian Miller.

27.     The defendants Hilton Worldwide Holdings, Inc**.** (d/b/a Hilton Hotels & Resorts) and Park Hotels & Resorts, Inc. breached their duty of care toward plaintiffs by failing to repair the door in question, failing to ensure that the door was kept in a reasonably safe condition, and by failing to warn their guests of the dangerous condition of the door in the plaintiff's room.

28.     As insurers which issued one or more liability insurance policies covering the damages alleged in the present complaint, defendants Insurance Companies X and Y are directly

liable to plaintiff under Puerto Rico's Direct Action Statute, Title 26 P.R. Laws Annotated, Section 2003.

29.    All damages suffered by plaintiff, Brian Miller, are the direct, proximate and foreseeable consequence of the actions, omissions, negligence and breach of duty of the defendants Hilton Worldwide Holdings, Inc**.** (d/b/a Hilton Hotels & Resorts) and Park Hotels & Resorts, Inc.

## **DAMAGES**

30.    As a consequence of defendants' gross negligence, plaintiff, Brian Miller, suffered blows and wounds on his head and shoulder for which he received medical treatment.  Plaintiff incurred in out of pocket expenses in the amount of $8,390.00 and is expected to incur in further expenses as a result of the injuries he suffered.  He was also absent from his job for an extended period.  He was in constant physical pain during his vacation period and continues to endure physical pain while performing daily tasks.    Plaintiff also suffered and continues to suffer emotional distress, loss of enjoyment of life and other mental damages as a result of the defendants' gross negligence.

31.    Plaintiff, Brian Miller, has suffered damages, above and beyond $75,000.00, in the form of physical pain and injury in the past and future, mental and emotional anguish in the past and future, pain and suffering in the past and future, physical impairment in the past and future, and future disfigurement.

32.    In the alternative, Plaintiff would show that if any injury, condition, or both from which he currently suffers was pre-existing, then such condition was aggravated, exacerbated, or both by the negligence of Defendants.

33.     In the alternative, plaintiff, Brian Miller, would show that if he suffers from any subsequent injury and/or condition, then such injury and condition was aggravated, exacerbated, or both by the negligence of defendants.

34.     To the extent the defendants deny liability for the damages claimed herein, they act with obstinacy and temerity and are therefore liable for prejudgment interest, costs and attorneys' fees.

35.     Therefore, plaintiff, Brian Miller, maintains this suit against defendants for each of his foregoing legal elements of damages in a just and reasonable sum within the jurisdictional limits of this Honorable Court, to be determined under the sound discretion of the trier of fact or jury.

36.     Under Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all issues so triable.

## **PRAYER**

**WHEREFORE,** plaintiff, Brian Miller, respectfully requests that the Honorable Court grant the present complaint and award damages, exclusive of prejudgment interest from the date of this filing, costs, and reasonable attorneys' fees, in an amount no less than $1,000,000.00 to be determined at trial.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 25th day of April, 2023.


S/Manuel San Juan
_____
MANUEL SAN JUAN
LAW OFFICES OF MANUEL SAN JUAN, PSC
USDC-PR No.: 204706

P.O. Box 9023587
San Juan, Puerto Rico 00902-3587
Tel.:  (787) 723-6637 / (787) 723-6669
Fax:  (787) 725-2932
Email: sanjuanm@microjuris.com

Richard Hinojosa (*pro hac vice forthcoming*)
Texas State Bar No. 24068885
Charles M. Stam (*pro hac vice forthcoming*)
Texas State Bar No. 24106462
Hɪɴᴏᴊᴏsᴀ Lᴀᴡ PLLC
3904 Brandt Street
Houston, Texas 77006
Telephone: 713.884.1663
Fax: 713.422.2493
Email: richardhinojosa@hinojosalaw.com
Email: cstam@hinojosalaw.com
Email: e-service@hinojosalaw.com

**Aᴛᴛᴏʀɴᴇʏs ғᴏʀ Pʟᴀɪɴᴛɪғғ**